# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

KENNETH MURPHY, and
DEBORAH ADAMS-MURPHY,

    Plaintiffs,

v.

CHARLES TAYLOR,
KATHERINE RENNER,
JOHN ADAMS,
ROY WILLIAMSON,
ADRIANA COHEN,
THOMAS WARD,
MARY SULLIVAN,
JOSEPH SHEPHARD,
JESSICA WILSON,
JANET LOPEZ, and
M&T BANK,

    Defendants.

Civil Action No.: JKB-22-1730

## MEMORANDUM

Maryland residents Kenneth Murphy and Deborah Adams-Murphy bring this civil complaint against Charles Taylor, Katherine Renner, John Adams, Roy Williamson, Adriana Cohen, Thomas Ward, Mary Sullivan, Joseph Shephard, Jessica Wilson, and Janet Lopez, all identified as residents of California, and corporate defendant M&T Bank, identified as a Maryland corporation, arising from an alleged breach of contract. Plaintiffs contend that the individual defendants failed to credit $25,000 to their M&T Bank mortgage account. Plaintiffs invoke this court's diversity jurisdiction. (ECF No. 1.) Accompanying the complaint is plaintiffs' motion for leave to proceed in forma pauperis. (ECF No. 2.) Given that plaintiffs own real property, a vehicle, have $1,800 in bank accounts, and have monthly income of approximately $3,400, they do not

appear to be impoverished and the motion is denied. Nevertheless, for the reasons that follow, they shall not be required to pay the full filing fee and the complaint is dismissed.

The court lacks subject matter jurisdiction to hear the case. A court retains "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). To establish jurisdiction, the court looks to those facts affirmatively alleged in the complaint. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The party seeking to avail itself of this court's jurisdiction bears the burden of proof. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

"Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000. *Exxon Mobil Corp.*, 545 U.S. at 552; *see* 28 U.S.C. § 1332. Diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of *every* plaintiff must be different from the citizenship of *every* defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (emphasis added); *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Here, plaintiffs, Maryland residents, have sued several parties, including M&T Bank, a Maryland corporation, and therefore there is not complete diversity among the parties.

2

Further, it does not appear that the actual damages set out by plaintiffs meet the jurisdictional amount under 28 U.S.C. § 1332.  In the instant case, plaintiffs include $25,000 as the amount in controversy.  (ECF No. 1 at 7.)

The court has afforded the complaint liberal construction, given that plaintiffs are self-represented.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, the alleged conduct does not amount to a federal claim.  At best, the complaint asserts a breach of contract.  Plaintiffs have failed to establish that they are entitled to invoke this court's diversity jurisdiction because the parties are not completely diverse and plaintiffs have not demonstrated that their claim meets the amount in controversy requirement. Accordingly, the complaint is dismissed.

A separate Order follows.

Dated this 29 day of August, 2022.

FOR THE COURT:

James K. Bredar
Chief Judge